UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:08-CV-1563 (CEJ) |
| ) | |
| STACEY HAMM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant in this action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.*

### I. Background

Plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. Defendant Stacey Hamm has used an online media distribution system to download the copyrighted sound recordings, to distribute those recordings to other users of the system, and/or to make the copyrighted recordings available for distribution to others without the permission or consent of plaintiffs. Plaintiffs filed this action on October 10, 2008, and copies of the summons and complaint were served on defendant on October 29, 2008. The defendant has not filed an answer or other responsive pleading. Consequently, on December 11, 2008, the Clerk of Court entered default against defendant.[1]

Plaintiffs have submitted the affidavit of John D. Ryan in support of their motion. Mr. Ryan avers that the defendant is not an infant or incompetent person, and that the defendant is not in active military service.

---

[1] Because of defendant's default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

Plaintiffs seek statutory damages of $6,750.00, an injunction, and costs in the amount of $420.00.

II. **Discussion**

A. **Statutory Damages**

Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must show that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See 17 U.S.C. § 501(a); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

Defendant's use of an online media distribution system to copy the copyrighted recordings and to distribute those recordings to other users of the system constitutes direct copyright infringement. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S.Ct. 2764, 2778, 2782 (2005). See also In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers . . . are the direct infringers."); A&M Records, Inc., v. Napster, Inc., 234 F.3d at 1014 (individuals who upload and download files on online media distribution systems are direct copyright infringers).

Section 504 of Title 17 provides in part: "[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." Trial courts have wide discretion in setting damages within this statutory range. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). The statute seeks to

compel restitution of profit and reparation for injury in addition to discouraging wrongful conduct. Id. at 233.

In their application for default judgment, plaintiffs request that the Court award damages of $6,750 for nine infringed sound recordings. Plaintiffs have submitted a list of nine copyrighted recordings and the corresponding sound recording numbers registered with the United States Copyright Office. See (Doc. #10-2, at 7). The list also provides the date and time at which a user identified by defendant's IP address made the copyrighted sound recordings available on a peer-to-peer sharing network. The evidence thus establishes that defendant downloaded nine of plaintiffs' copyrighted recordings. Therefore, the Court finds that the statutory minimum of $750 per recording, for a total damages award of $6,750, is supported by the evidence.

B.  **Injunctive Relief**

Plaintiffs argue they are entitled to an injunction prohibiting defendant from unlawfully infringing plaintiffs' copyrights. Section 502(a) of Title 17 provides: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiffs allege that defendant's conduct is causing irreparable injury that cannot be fully compensated or measured in money. Plaintiffs need not show irreparable harm because the default against defendant satisfies the element of success on the merits. Sony Music Entm't, Inc. v. Global Arts Prod., 45 F.Supp.2d 1345 (S.D. Fla. 1999). Defendant's use of an online media distribution system makes plaintiffs' copyrighted works available to massive, repeated, worldwide infringement. Aimster, 334 F.3d at 646-47.

The requested injunction prohibits infringement of all copyrighted sound recordings owned by plaintiffs, even those not listed in the complaint. This request

also covers works to be created in the future.  When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate.  <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994) (citation omitted).  The Court will grant plaintiffs' request for a permanent injunction.

    C.    Costs

Plaintiffs are entitled to an award of costs as prevailing parties.  Plaintiffs have requested $420.00 in costs.  The amount of costs to be taxed will be determined after the plaintiffs submit a bill of costs accompanied by sufficient documentation, in compliance with 28 U.S.C. § 1920.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant Stacey Hamm [Doc. #9] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.